FILED
DECEMBER 12, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> HILDEBRANDT PAVING LTD., and CRAIG HILDEBRANDT, individually, <br><br> Defendants. | 07 C 6976 <br><br> JUDGE GUZMAN <br> MAGISTRATE JUDGE KEYS <br><br> Case No.: <br><br> **J. N.** <br><br> Judge: |

## COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendants HILDEBRANDT PAVING LTD., and CRAIG HILDEBRANDT, individually, state as follows:

**COUNT I**

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS,
FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS
AND FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), and the Illinois Small Pavers' Association ("ISPA"), the Apprentice Fund, the Concrete Contractors Association Industry Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations").

2. Defendant HILDEBRANDT PAVING, LTD. (herein the "Defendant Company"), is an incorporated business that does business within this District and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Defendant CRAIG HILDEBRANT (herein "Hildebrandt") resides in this District and is a principal officer of Defendant Company.

4. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

5. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

6. The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

7. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

8. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection,

including reasonable audit expenses, attorneys' fees, and costs.

9. Notwithstanding its obligations under the collective bargaining agreements, the Defendant Company failed to correctly report and pay contributions owed to the Funds and the Affiliated Organizations for the period of July 2006 through December 2006, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

10. On or about February 20, 2007, the Defendant Company and Hildebrandt entered into a promissory note (hereinafter the "Note") and Settlement Agreement to pay to the Funds the amounts owed for July 2006 through December 2006, including contributions, dues, liquidated damages, interest, and attorneys' fees and cost. See Exhibit "A" attached hereto and made a part hereof.

11. The Defendant Company agreed to remain current on the Note and to timely submit all regular reports and contributions due and owing for the months of January 2007 and subsequent months.

12. The Defendant Company remitted six of the twelve installments due under the Note but has not remitted any subsequent installment.

13. The Defendant Company has also failed to report and/or remit contributions owed to the Funds and the Affiliated Organizations for the work months of June 2007 and continuing through the present.

14. The Defendant Company has also failed to report and/or remit dues owed to the District Council for the work months of June 2007 and continuing through the present.

15. Since at least June 2006, the Defendant Company has employed employees who performed work covered by the Agreement.

16. Despite demand duly made, the Defendant Company has not remitted the required contributions and reports.

17. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

18. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

19. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

20. The Defendant Company also owes amounts for liquidated damages previously incurred for the untimely remittance of the Defendant Company's May 2007 report and dues.

21. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

22. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Affiliated Organizations for unpaid contributions, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against HILDEBRANDT PAVING, LTD., as follows:

1. Finding that HILDEBRANDT PAVING, LTD., violated the Agreement;

2. Ordering HILDEBRANDT PAVING, LTD., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

3. Ordering HILDEBRANDT PAVING, LTD., to pay to Plaintiffs all reasonable attorneys' fees and costs incurred in pursuing collections; and

4. Granting all such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**BREACH OF CONTRACT AGAINST HILDEBRANDT PAVING, LTD., AND CRAIG HILDEBRANDT**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1-22 of Count I as paragraphs 1 through 22 of Count II.

24. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

25. Defendant HILDEBRANT PAVING, LTD., (herein the "Defendant Company"), is an Illinois corporation that does business within this District.

26. Defendant CRAIG HILDEBRANDT (herein "Hildebrandt") resides in this District and is an officer of Defendant Company.

27.  This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

28.  Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

29.  On or about February 20, 2007, the Defendant Company entered into a promissory note (hereinafter "the Note") and Settlement Agreement to pay to the Funds $90,000.00 (hereinafter "Note principal") plus interest at a rate of 9% compounded monthly on the declining balance in twelve monthly installments according to the following schedule:

| DUE DATE | AMOUNT DUE | REGULAR REPORT & CONTRIBUTION |
| --- | --- | --- |
| 02/20/07 | $4,000.00 | January 2007 |
| 03/15/07 | $4,000.00 | February 2007 |
| 04/15/07 | $8,632.52 | March 2007 |
| 05/15/07 | $8,632.52 | April 2007 |
| 06/15/07 | $8,632.52 | May 2007 |
| 07/15/07 | $8,632.52 | June 2007 |
| 08/15/07 | $8,632.52 | July 2007 |
| 09/15/07 | $8,632.52 | August 2007 |
| 10/15/07 | $8,632.52 | September 2007 |
| 11/15/07 | $8,632.52 | October 2007 |
| 12/15/07 | $8,632.52 | November 2007 |
| 01/15/08 | $8,632.52 | December 2007 |

See Exhibit "A" attached hereto.

30.  The Note covered delinquencies previously incurred by the Defendant Company for the months of July 2006 through December 2006 (hereinafter the "delinquent period").

31.  The Note principal reflected the full amounts due during the delinquent period of $96,378.19 less certain amounts the Funds agreed for settlement purposes not to

pursue except in the event of the breach of the Note and Settlement Agreement.

32. As set forth in Paragraph 5 of the Settlement Agreement, in the event of breach of the Note and Settlement Agreement, the full amounts of $96,378.19 plus any additional attorneys' fees and costs incurred in pursuing collection of these sums, liquidated damages, and interest on any unpaid delinquencies under the terms of the Note and/or the Company's obligations under its collective bargaining agreement and the Funds' respective Trust Agreements, or both, will be immediately due and owing.

33. Defendant Hildebrandt signed the Note in his individual capacity as a personal guarantor of the Note and Settlement Agreement obligations.

34. Hildebrandt and the Defendant Company agreed to timely remit all installments due under the Note, as well as regular reports and contributions due and owing for the months of January 2007 and subsequent months or be in default of the Note and Settlement Agreement.

35. Pursuant to the terms of the Note, upon default in the payment of any installment due under the Note, including regular monthly contributions, the Funds may accelerate the Note and collect the entire principal amount remaining under the Note.

36. All obligations under the Note and Settlement Agreement are joint and several.

37. The Defendant Company and Hildebrandt made the initial payment of $4,000.00 and five subsequent installments.

38. Despite demand being duly made, Defendant Company and Hildebrandt have not paid any of the subsequent installments due under the Note.

39. Additionally, the Defendant Company has failed to remain current on its regular monthly contribution obligations to the Funds as required by the Agreement.

40. By failing to remit all installments due under the Note and remaining current in its monthly obligations, the Defendant Company and Hildebrandt have breached the terms of the Installment Note and defaulted on the Note.

41. As a result of their breach, Defendant Company and Hildebrandt are jointly for the remaining balance due under the Note of $99,676.76, which reflects the principal due of $96,378.19 plus interest on the delinquent Note accelerated balance at a rate of 9% per month compounded or $3,298.57.

42. The principal amount due under the Note includes attorneys' fees and costs in the amount of $5,219.76, which includes fees and costs incurred as of the date of the Note's execution as result of their attempts to collect the amounts as reflected in the Note, but does not include additional attorneys' fees incurred after the Note's execution.

43. Pursuant to the terms of the Note and Settlement Agreement, the Defendant Company and Hildebrandt are jointly liable for those attorneys' fees and costs, as well as any additional attorneys' fees and costs incurred by the Funds related to this action.

44. The Funds' have incurred additional attorneys' fees and costs and the Defendant Company and Hildebrandt are liable for all attorneys' fees and costs, as well as unpaid contributions for the months of June 2007 through the present.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, as follows:

- (a) Finding that HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, breached the Note and Settlement Agreement;

- (b) Finding that HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, are jointly liable to the Plaintiffs for the entire sum remaining due under the Note including interest as provided under the Note;

- (c) Finding that, pursuant to the terms of the Note and Settlement Agreement HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, are jointly liable for all unpaid contributions owed to the Plaintiffs for the work months of June 2007 through the present;

- (d) Ordering HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, to pay to the Plaintiffs all court costs and reasonable attorneys' fees and costs incurred by the Plaintiffs in connection with this case.

- (e) Granting all other such legal and equitable relief as the Court deems just and proper.

**COUNT III**
**HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES**

45. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 44 of Count I and II as paragraphs 1 through 44 of Count III.

46. The Construction & General Laborers' District Council of Chicago & Vicinity ("Laborers' District Council") is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this District.

47.　　Plaintiffs maintain offices and conduct business within this district and are authorized to collect work dues on behalf of the Laborers' District Council.

48.　　Defendant HILDEBRANDT PAVING, LTD., is a corporation that maintains offices and conducts business within this District.

49.　　Defendant CRAIG HILDEBRANT (herein "Hildebrandt") resides in this District and is a principal officer of the Defendant Company.

50.　　This Court has supplemental jurisdiction over Count III, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

51.　　Venue is properly vested in the District Court for Count III, pursuant to 28 U.S.C. § 1391(b).

52.　　During the period of June 2007 and continuing through the present, the Defendant Company's employees performed work for the Company and earned wages.

53.　　On information and belief, each of the Defendant Company's employees executed written assignments authorizing and directing the Defendant Company to withhold moneys from their wages for remittance to Laborers' District Council in satisfaction of union dues and fee obligations.

54.　　On information and belief, since June 2007 pursuant to the wage assignments, the Defendants deducted money from the employees' wages, but failed to properly remit those amounts to the Laborers' District Council.

55.　　The Laborers' District Council has demanded payment of the moneys deducted from the employees' wages and withheld by the Defendants. The Defendants failed to return those moneys to Plaintiffs.

56. Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

57. At all material times and on information and belief, Hildebrandt acted directly in the interest of Defendant Company in relation to its employees.

58. At all material times, and on information and belief, Hildebrandt controlled the terms and conditions of employment of the Defendant Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

59. At all material times and on information and belief, Hildebrandt controlled all disbursements made by the Defendant Company, including the issuance of payroll checks and dues remittance checks.

60. On information and belief, Hildebrandt knowingly permitted the Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the Laborers' District Council.

61. On information and belief, Hildebrandt personally and actively conducted or participated in the actions of the Defendant Company alleged above causing injury to the Laborers' District Council.

62. Hildebrandt, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for his failure to properly deduct moneys from employees' wages and remit those moneys to the Laborers' District Council for payment of union dues.

WHEREFORE, based on Count III of this Complaint, Plaintiffs respectfully

request this Court to enter judgment against HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, as follows:

(a) Finding that HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, personally and individually, violated the Illinois Wage Payment and Collection Act;

(b) Ordering HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, jointly and severally, to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, plus late fees at a rate of 10%.;

(c) Ordering HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

(d) Granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT IV

### CONVERSION CLAIM AGAINST HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT,

63. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 62 of Counts I, II and III as paragraphs 1 through 62 of Count IV.

64. Pursuant to the wage assignments executed by the Defendant Company's employees, the Laborers' District Council has a right to all wages deducted from employees' wages for remittance to the Laborers' District Council as union dues and fees.

65. After the Defendant Company deducted and withheld money from its employees' wages assigned by the employees to the Laborers' District Council for payment of union dues and fees, the Laborers' District Council had an absolute right to immediate possession of those

moneys.

66. After the Defendant Company withheld wages from its employees' wages assigned by the employees to the Laborers' District Council for payment of union dues and fees, the Defendant Company was without right or authorization to possess those moneys.

67. Since at least June 2007 and continuing to present, the Defendant Company deducted and withheld moneys from employees' wages for union dues and fees, but the Defendant Company did not remit that money to the Laborer's District Council in a timely manner, and the Defendant Company appropriated that money for its own use and benefit; and thereby permanently deprived the Laborers' District Council of its property.

68. Plaintiffs have made demand for possession of the monies, but the Defendant Company has not turned over the amounts deducted from the employees' wages.

69. Through the acts and conduct alleged above, the Defendant Company wrongfully converted the Laborers' District Council's property and may justly be required to pay to the Laborers' District Council the full value of that property.

70. On information and belief, CRAIG HILDEBRANDT (herein "Hildebrandt") personally withheld moneys from the wages of the employees or personally caused another to withhold those moneys. After the withholding of the employees' wages assigned to the Laborers' District Council as union dues and fees, the Laborers' District Council had an absolute right to immediate possession of those moneys.

71. Hildebrandt knowingly failed to remit to the Laborers' District Council moneys withheld from the employees' wages, or personally caused another to fail to remit those moneys to the Laborers' District Council following the withholding of those moneys. Hildebrandt was

without right or authorization to possess those moneys.

72.　　Hildebrandt appropriated, for his own use and benefit, the moneys withheld from the employees' wages.

73.　　Plaintiffs have made demand for possession of the monies, but Hildebrandt has not turned over the amounts deducted from employees wages.

74.　　Through the acts and conduct alleged above, Hildebrandt personally and individually, wrongfully converted the Laborers' District Council's property and may justly be required to pay to the Laborers' District Council the full value of that property.

WHEREFORE, based on Count III of this Complaint, Plaintiffs respectfully request this Court to enter judgment against HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, as follows:

(a)　　Finding that HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, personally and individually, wrongfully converted the District Council's property;

(b)　　Ordering HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, jointly and severally, to pay the Plaintiffs all moneys that they failed to properly withhold and remit to the District Council, including interest;

(c)　　Ordering HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, jointly and severally, to pay the Plaintiffs' costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs; and

(d)　　Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/Michele M. Reynolds
Michele M. Reynolds
One of Plaintiffs' Attorneys


J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361