JUDGE GUZMAN
MAGISTRATE JUDGE KEYS
Case 1:07-cv-06976  Document 7  Filed 12/12/2007  Page 1 of 8

FILED
DECEMBER 12, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6976

From: Hildebrandt Paving    8476957716    02/20/2007 06:13    #094 P.001/021

## SETTLEMENT AGREEMENT

This Agreement is made between the Fox Valley & Vicinity Laborers Health and Welfare Fund ("Welfare Fund"), the Fox Valley & Vicinity Laborers Pension Fund ("Pension Fund") (Welfare Fund and Pension Fund collectively referred to as the "Funds"), Hildebrandt Paving, Ltd. ("Company"), and Craig Hildebrandt ("Hildebrandt").

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("the CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), the terms of which obligate the Company to submit union dues to the District Council and make contributions to the Funds on behalf of its covered employees;

WHEREAS, the Company failed to make the required contribution payments to the Funds on behalf of its covered employees for the period of July 2006 through December 2006 and to make the required dues payments to the District Council on behalf of its covered employees for the period of November 2006 through December 2006 (collectively referred to herein as "the delinquent period");

WHEREAS, the Company owes an additional amount to the Funds in the form of interest, liquidated damages, accrued interest and liquidated damages, and attorneys' fees and costs, and additional amounts to the District Council in the form of liquidated damages.

WHEREAS, the Funds filed a lawsuit against the Company, Hildebrandt, and other individuals not parties to this Agreement in the US District Court for the Northern District of Illinois, in case No. 06 C 5753, captioned as *Shales, et al. v. Hildebrandt Paving, Ltd., et al.* ("Lawsuit");

WHEREAS the Company and the Funds have reached a settlement to fully and finally resolve the issues raised in the Lawsuit;

WHEREAS, in consideration for the Agreement and payment described herein by Company, THE PARTIES HEREBY AGREE AS FOLLOWS:

1. Simultaneously with the execution of this Settlement Agreement, Company and Hildebrandt will a) submit payment in the amount of four-thousand dollars ($4,000.00), payable to the Fox Valley Laborers Benefit Funds ("Initial Payment"), said payment to be received by the Funds or its counsel, no later than February 20, 2007; b) within 10 days of execution of this Settlement Agreement, complete a Financial Statement and execute a Security Agreement, a copy of which is attached hereto as Exhibit A and made a part hereof, granting the Funds a security interest in the assets of the Company to secure payment of the obligations due under this Settlement Agreement, the Installment Note and CBA; and c) sign the Installment Note, attached hereto as Exhibit B and made a part hereof, which provides for payment for the amounts agreed upon between the parties as being due for the delinquent period.

1

EXHIBIT A

From:Hildebrandt Paving        8476957716        02/20/2007 06:14    #094 P.002/021

2. The parties hereby agree that the Company and Hildebrandt shall pay to the Funds the reduced sum of ninety thousand dollars ($90,000.00) plus interest accruing at a rate of 9% compounded monthly, according to the terms and schedule set forth in the attached Installment Note. This payment is in settlement in full for the amounts due for the delinquent period, subject to the remaining terms of this Settlement Agreement, as follows:

**Fox Valley Laborers Benefit Funds**

| | | |
|---|---:|---:|
| Contributions (07/06-10/06) | $47,202.10 | |
| Contributions (11/06-12/06) | $17,383.18 | |
| Liquidated Damages @ 20% | $12,917.06 | |
| Prior statement of interest/LDs | $12,321.47 | |
| Attorneys fees through 12/17/06 | $ 4,092.76 | |
| Stipulated Attorneys Fees | $   617.00 | |
| Additional attorney fees (estimate) | $   510.00 | |
| Subtotal | | $95,043.57 |

**Laborers District Council**

| | | |
|---|---:|---:|
| Dues (11/06-12/06) | $1,213.29 | |
| Liquidated Damages (11/06-12/06) | $  121.33 | |
| Subtotal | | $ 1,334.62 |
| | TOTAL | $ 96,378.19 |

3. The Installment Note indicates that two payments of four-thousand dollars ($4,000.00) shall be made, with an initial payment to be received by the Funds by February 20, 2007 and the second payment to be received by the Funds on March 15, 2007, and thereafter, ten (10) equal monthly payments will be made to the Funds in the amount of eight thousand six hundred and thirty two dollars and fifty two cents ($8,632.52), beginning April 15, 2007 and ending January 15, 2008, inclusive, as follows:

| DUE DATE | AMOUNT DUE | REGULAR REPORT AND CONTRIBUTION |
|---|---|---|
| 02/20/07 | $4,000.00 | January 2007 |
| 03/15/07 | $4,000.00 | February 2007 |
| 04/15/07 | $8,632.52 | March 2007 |
| 05/15/07 | $8,632.52 | April 2007 |
| 06/15/07 | $8,632.52 | May 2007 |
| 07/15/07 | $8,632.52 | June 2007 |
| 08/15/07 | $8,632.52 | July 2007 |
| 09/15/07 | $8,632.52 | August 2007 |
| 10/15/07 | $8,632.52 | September 2007 |
| 11/15/07 | $8,632.52 | October 2007 |
| 12/15/07 | $8,632.52 | November 2007 |
| 01/15/08 | $8,632.52 | December 2007 |

From: Hildebrandt Paving          8476967716          02/20/2007 06:14   #094 P.003/021

4. Company and Hildebrandt will make all payments required by this Settlement Agreement by certified funds in the name of Fox Valley Laborers Benefit Funds and will remit the payment due under this Agreement and the Installment Note to the Funds' lockbox: 75 Remittance Drive, Suite 1504, Chicago, IL 60675-1504

5. The parties agree that this Settlement Agreement is conditioned on the Company and Hildebrandt remaining current in the obligations due under the Installment Note and its regular monthly contributions and dues to the Funds and the District Council as required by the CBA. In the event the Company and Hildebrandt fails to make any payment by the due date set forth herein, including payments for regular contributions and dues, or materially breaches any term of this Settlement Agreement or the Installment Note, Company and Hildebrandt shall be deemed in Default. In the event of such breach, the Company and Hildebrandt shall be entitled to written notice of any breach and shall have seven (7) calendar days from the date of any such written notice of the breach, to cure the breach. The seven (7) days given to cure the breach shall commence with the date the written notice is mailed or faxed. Any written notice of the breach of this Agreement shall be sent to the Samuel Harrod IV, attorney for the Company and Hildebrandt, by both certified and regular mail and facsimile service to Samuel Harrod IV at the address and facsimile provided in paragraph 12. Any written notice of any delinquency and/or breach shall specifically point out the breach and shall specifically state what action is needed by the Company and/or Hildebrandt to cure the breach. If the Company and/or Hildebrandt does not cure the delinquency and/or breach within the time provided for herein, notwithstanding the terms of paragraph 2, the Funds may immediately seek collection of the balance of the full amount due of ninety-six thousand three hundred seventy eight dollars and nineteen scents ($96,378.19) as reflected in paragraph 2, plus any additional attorneys fees and costs incurred in pursuing collection, liquidated damages, and interest on any unpaid delinquencies under the terms of the Note and/or the Company's obligations under its CBA and the Funds' Trust Agreements, or both, without any further notice.

6. The Company and/or Hildebrandt shall be in Default in the event of any one of, but not limited to, the following:

- Company and/or Hildebrandt fails to make any payment as required herein or by the Installment Note, and fails to cure said delinquency within seven (7) days of written notice to cure;

- Company and/or Hildebrandt fails to submit its regular monthly contribution report, dues report, or payment ("remittance obligations") to the Funds and/or District Council by its due date, including its January 2007 remittance obligations and fails to cure said delinquency within seven days of written notice to cure;

- Company and/or Hildebrandt fails to complete the Financing Statement and execute the Security Agreement as set forth herein;

- Company and/or Hildebrandt fails to make any payment required by this Agreement or

3

From: Hildebrandt Paving          8476957716          02/20/2007 06:15    #094 P.004/021

the Installment Note by certified funds.

Company and/or Hildebrandt fails to comply with its obligations set forth in paragraph 8 below.

7. The parties agree that the Security Agreement that Company and Hildebrandt agree to provide as set forth herein shall not be recorded with the Illinois Secretary of State unless and until the Company and/or Hildebrandt fails to cure the defaults as defined in paragraphs 5 and 6 above, at which time, the Funds shall have the immediate right to record the Security Agreement without further notice and the Company and Hildebrandt shall be liable for any costs related to the filing and any collection costs, including attorneys' fees incurred by the Funds.

8. Hildebrandt and the Company affirmatively state that they are actively pursuing obtaining a loan for the Company. The Funds' agreement not to immediately record the Security Agreement is based in reliance upon the Company's and Hildebrandt's representations that the Company is pursuing a loan. The Company and Hildebrandt agree that within five business days of receiving funding on any loan, they will pay to the Funds a minimum of sixty ( 60%) percent of the balance then due under the Note. If the Company and Hildebrandt fail to make the required payment to the Funds within five business days of receiving loan distributions, the Funds reserve the right to immediately record the Security Agreement. Company and Hildebrandt further agree that upon securing financing and paying a minimum of 60% of the balance due under the Installment Note, the Company and Hildebrandt agree to execute a new Installment Note for the remaining balance due, with said Installment Note containing the same terms and conditions as set forth herein (including but not limited to, 9% interest, monthly payments in the amount of $8,632.52), but for a shorter term, with the number of monthly installments not to exceed three (3) consecutive months.

9. Company acknowledges that nothing in this Agreement shall release the Company and/or Hildebrandt from any liability arising from any period after the work month of December 2006. In addition, nothing in this Agreement shall release the Company and/or Hildebrandt from any claims the Funds may have against it arising from any payroll audit of the Company's records, for any period of time, even those otherwise covered by this Agreement. If any audit of the Company's records reveals additional amounts owing to the Funds, even those subject to a bona-fide dispute between the parties, the Funds reserve the right to collect said amounts, by any lawful means available to them.

10. Upon executing this Settlement Agreement, the Security Agreement and the Installment Note, and upon receipt of the Initial Payment and January 2007's regular contributions and dues, the Funds shall apply a previous payment of $7,070.00 for amounts due as premiums for the Company's non-bargaining unit employees and shall pay any outstanding claims associated therewith pursuant to the terms of the governing Plan rules and the Funds will agree to voluntarily dismiss, without prejudice, the Lawsuit, against all parties, in the case No. 06 C 5753, captioned as *Shales, et al. v. Hildebrandt Paving, Ltd., et al.* Subject to the remaining terms contained in this Settlement Agreement, the Funds reserve the right to reinstate the Lawsuit or to initiate a new lawsuit to collect any amounts due herein or otherwise.

4

From:Hildebrandt Paving          8476957716          02/20/2007 06:16    #094 P.005/021

11. The Company and/or Hildebrandt shall have the right to prepay the entire amount or increase the monthly installment payment amounts due under the Installment Note prior to the date upon which such payment is due without penalty and without payment of any non-accrued interest. Upon written request, the Funds shall provide the Company or Hildebrandt with the pay-off amount in the event of prepayment of the sums due.

12. Notices required under the terms of this Settlement Agreement and the Installment Note shall be sent to the parties entitled to such notice at the following addresses:

Hildebrandt Paving, Ltd.
c/o Roger T. Stelle, Registered Agent
1515 E. Woodfield Rd., 2nd Floor
Schaumburg, IL 60173
Facsimile: (847) 330-1231

Craig Hildebrandt
37 Ione Drive, Unit A
South Elgin, IL 60177
Facsimile: _____

Samuel Harrod IV
Meltzer, Purtill & Stelle, LLC
1515 E. Woodfield Rd., 2nd Floor
Schaumburg, IL 60173
Facsimile: (847) 330-1231

13. This Agreement shall be governed by the laws of the United States and the State of Illinois.

14. All obligations under this Agreement and the Installment Note are joint and several.

15. This Agreement may be signed in separate counterparts which will have the same effect as if signed in one document. A faxed copy of this Agreement and/or the Installment Note, shall be as valid as an original. In the event that one or more of the provisions of this Agreement shall, for any reason, be held to be illegal or unenforceable, this Agreement shall be revised only to the extent necessary to make such provision(s) legal and enforceable.

16. This Agreement, along with the Installment Note and Security Agreement, constitutes and contains the entire agreement and understanding regarding the settlement of the claims asserted by the Funds concerning the subject matters addressed herein between the parties, and supersedes and replaces all prior agreements between the Company and the Funds, proposed or otherwise, whether written or oral, concerning the subject matter hereof.

The parties acknowledge that they have read the foregoing Agreement, understand its contents, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

From: Hildebrandt Paving          8476957716          02/20/2007 06:17    #094 P.006/021

**On behalf of Fox Valley & Vicinity Laborers' Health and Welfare Fund:**

By: _____  Date: _____
Mike Shales, Chairman

By: _____  Date: _____
Toby Koth, Secretary

**On behalf of Fox Valley & Vicinity Laborers' Pension Fund:**

By: _____  Date: _____
Mike Shales, Chairman

By: _____  Date: _____
Toby Koth, Secretary

**On behalf of Hildebrandt Paving, Ltd.:**

By: _____  Date: 2/20/07

Name: _Craig Hildebrandt_

Title: _V.P._

**By Craig Hildebrandt, individually:**

Signature: _/s/ Craig Hildebrandt_  Date: 2/20/07

Printed Name: _Craig Hildebrandt_

6

From:Hildebrandt Paving        8476957716              02/20/2007 06:17    #094 P.007/021

## PROMISSORY NOTE

Principal Amount: __$90,000.00__

  For value received, Hildebrandt Paving, Ltd. ("Company") and Craig Hildebrandt ("Hildebrandt") promise to pay to the order of FOX VALLEY & VICINITY LABORERS FUNDS (the "Funds"), the total amount due in twelve (12) monthly installments and payable on the fifteenth (15th) day of each month by certified funds, with an initial down payment of four-thousand dollars ($4,000.00), the installments to include principal plus interest at nine percent (9%) compounded monthly on the declining balance. Company and Hildebrandt promise to pay such payments as set forth on the schedule below.

| DUE DATE | AMOUNT DUE | REGULAR REPORT AND CONTRIBUTION |
|---|---|---|
| 02/20/07 | $4,000.00 | January 2007 |
| 03/15/07 | $4,000.00 | February 2007 |
| 04/15/07 | $8,632.52 | March 2007 |
| 05/15/07 | $8,632.52 | April 2007 |
| 06/15/07 | $8,632.52 | May 2007 |
| 07/15/07 | $8,632.52 | June 2007 |
| 08/15/07 | $8,632.52 | July 2007 |
| 09/15/07 | $8,632.52 | August 2007 |
| 10/15/07 | $8,632.52 | September 2007 |
| 11/15/07 | $8,632.52 | October 2007 |
| 12/15/07 | $8,632.52 | November 2007 |
| 01/15/08 | $8,632.52 | December 2007 |

  In addition to the foregoing, Company and Hildebrandt promise to timely submit regular reports and contributions due and owing for the months of January 2007 and subsequent months.

  Upon failure to cure a default in the payment of any such installment within seven (7) days of written notice to Hildebrandt's attorney, including current contributions, the whole of the principal sum then remaining unpaid hereon shall be due, at the option of the holder thereof. In the case of any payment herein provided for not being made as herein provided, Company and Hildebrandt further promise to pay all costs of collection and reasonable attorney's fees incurred by said Funds as a result of such default.

All payments shall be made to FOX VALLEY & VICINITY LABORERS FUNDS.

To secure payment of this note, the undersigned hereby authorize, irrevocably, any attorney of any Court of record to appear for the undersigned, in such Court, in term time or vacation, at any time after default, and confess judgment, without process, in favor of said Funds, their successors or assigns, for the unpaid balance, together with costs and reasonable attorney's, and to waive and release all errors which may intervene in such judgment, hereby ratifying and confirming all that the said attorney may do by virtue hereof. The makers hereby waive presentment for payment, notice of dishonor and protest. The obligations hereunder shall be joint and several.

The terms of this Installment Note shall be read in conjunction with the Settlement Agreement executed between the parties and to which this Installment Note is attached. Should there be a conflict between the terms of this Installment Note and the Settlement Agreement, the terms of the Settlement Agreement shall control except to the extent that nothing contained in the Settlement Agreement or otherwise shall negate the personal liability of Craig Hildebrandt for the obligations due pursuant to the Settlement Agreement and Installment Note.

Hildebrandt Paving Ltd.

_____
(By) Craig Hildebrandt

V.P
_____
(Title)

Craig Hildebrandt, individually

_____

DATED: 2/20/07