IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> HILDEBRANDT PAVING LTD., and CRAIG HILDEBRANDT, individually, <br><br> Defendants. | Case No. 07 C 6976 <br><br> Judge Guzman <br><br> Magistrate Judge Keys |

## MOTION FOR DEFAULT JUDGMENT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, pursuant to Federal Rules of Civil Procedure 55(b)(2), respectfully move this Court for a default judgment, in the form of the attached proposed order, against Defendants HILDEBRANDT PAVING, LTD. (hereinafter "Defendant Company"), and

CRAIG HILDEBRANDT, individually (hereinafter "Hildebrandt").  In support of this motion, Plaintiffs state as follows:

1. This is a claim against the Defendants for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145, delinquent union dues and industry fund contributions enforceable under Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185, and for breach of contract.

2. The Funds filed a complaint on December 12, 2007 requesting that:

   (1) the Defendant Company be ordered to pay to Plaintiffs all delinquent contributions and unpaid dues to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

   (2) the Defendant Company pay all reasonable attorneys' fees and costs incurred by the Funds in pursuing collection;

   (3) the Defendant Company and Hildebrandt be found jointly liable for the entire sum remaining due under the Installment Note ("Note") including interest as provided under the Note;

   (4) pursuant to the terms of the Note, the Defendant Company and Hildebrandt be found jointly liable for all unpaid contributions owed to Plaintiffs for the work months of June 2007 through September 2007;

   (5) the Defendant Company and Hildebrandt, jointly and severally, be ordered to pay to Plaintiffs all court costs and reasonable attorneys' fees and costs incurred by the Plaintiffs in connection with this case;

   (6) the Defendant Company and Hildebrandt, jointly and severally, be ordered to

pay the District Council all moneys they failed to properly withhold and remit to the District Council, plus late fees at a rate of 10%;

(7) the Defendant Company and Hildebrandt, jointly and severally, be ordered to pay the District Council's costs pursuant to the Attorneys' Fees in Wage Actions Act, 705 ILCS 225/1; and

(8) for such other legal and equitable relief as the Court deems just and proper.

3. The Defendant Company was served with a summons and a copy of the Complaint on December 21, 2007 and its Answer was due January 10, 2008. Hildebrandt was served with a summons and a copy of the Complaint on December 23, 2007 and his Answer was due on January 14, 2008. A copy of the return of service for each Defendant was filed with the Clerk and is attached as Exhibit "A."

4. As of the date of the filing of this motion, the Defendants have failed to file an answer to the Complaint or otherwise file an appearance in this matter.

5. As alleged in the Complaint, the Defendant Company has failed to remit contributions owed to the Funds and the Affiliated Organizations for the work months of June 2007 to September 2007. (Complaint ¶ 13, 14).

6. Accordingly, under ERISA502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Defendant Company's collective bargaining agreement and the Affiliated and Funds' respective Trust Agreements, the Defendant Company is liable for the unpaid contributions, interest, liquidated damages, and reasonable attorneys' fees and costs. (Complaint ¶ 19, 21).

7. Pursuant to the terms of the Installment Note and Settlement Agreement, which Hildebrandt signed in his individual capacity, of the categories referenced in Paragraph 6 of this

motion, Hildebrandt is jointly and severally liable with the Defendant Company for all unpaid contributions owed for the work months of June 2007 through September 2007.  A copy of the Note & Settlement Agreement are attached as Exhibit "B."

8.  The Defendant Company has also failed to deduct and remit amounts owed to the District Council for wage deductions owed for the work months of June 2007 through September 2007 (Complaint ¶ 54) and has incurred liquidated damages to the District Council for its untimely remittance of its May 2007 dues and non-payment of June 2007 through September 2007 (Complaint ¶ 20).

9.  On information and belief, Hildebrandt knowingly permitted the Defendant Company to retain the wages withheld from each employees' paycheck rather than tendering such funds to the District Council and therefore, as an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, he is personally liable for his failure to properly deduct and remit the wage deductions to the District Council for union dues.  (Complaint ¶ 57-62).

10.  Based on work hours and gross wages reported to the Plaintiffs by the Defendant Company for the relevant period of May 2007 through September 2007, the Defendant Company owes the following amounts for unpaid contributions, dues, interest, and liquidated damages:

|  | **Benefit Funds** | **District Council** |
|---|---|---|
| Contributions/Dues (06/07-09/07) | $ 40,881.84 | $ 3,524.08 |
| Liquidated Damages @ 20%/10% | $ 8,176.37 | $ 352.41 |
| Accumulated Liquidated Damages (05/07) |  | $ 56.21 |
| **Total** | **$ 49,058.21** | **$ 3,932.70** |

See Exhibit "C," Affidavit of Patricia Shales.

11.  Of these amounts, Hildebrandt is personally liable for $44,405.92, which reflects

amounts owed for the unpaid contributions of $40,881.84 and dues of $3,524.08.

12.    The Defendant Company has not remitted reports for any period after September 2007.

13.    In addition to the amounts set forth in Paragraph 10, the Defendant Company and Hildebrandt are also liable for the remaining balance due under a promissory Note and Settlement Agreement, covering delinquencies owed for the months of July 2006 through December 2006.

14.    As alleged in Paragraph 29 of the Complaint, on or about February 20, 2007, the Defendant Company entered into a promissory note (hereinafter "the Note") and Settlement Agreement, which required it to pay to the Funds $90,000.00 (hereinafter "Note principal") plus interest at a rate of 9% compounded monthly on the declining balance in twelve monthly installments according to the following schedule:

| DUE DATE | AMOUNT DUE | REGULAR REPORT & CONTRIBUTION |
| --- | --- | --- |
| 02/20/07 | $4,000.00 | January 2007 |
| 03/15/07 | $4,000.00 | February 2007 |
| 04/15/07 | $8,632.52 | March 2007 |
| 05/15/07 | $8,632.52 | April 2007 |
| 06/15/07 | $8,632.52 | May 2007 |
| 07/15/07 | $8,632.52 | June 2007 |
| 08/15/07 | $8,632.52 | July 2007 |
| 09/15/07 | $8,632.52 | August 2007 |
| 10/15/07 | $8,632.52 | September 2007 |
| 11/15/07 | $8,632.52 | October 2007 |
| 12/15/07 | $8,632.52 | November 2007 |
| 01/15/08 | $8,632.52 | December 2007 |

15.    The actual amount owed under the Note was $96,378.19; however, for settlement purposes, the Funds agreed to accept $90,000.00 as settlement in full of the amounts due under

the Note.  Notwithstanding, pursuant to Paragraph 5 of the Note, if the Note was breached, the parties agreed that the settlement would be void and the Funds could pursue and collect the balance of the full amounts originally due of $96,378.19, plus any additional attorneys' fees and costs, liquidated damages, and interest on any unpaid delinquencies under the terms of the Note and/or the Company's collective bargaining agreement.

16. Defendant Hildebrandt signed the Note in his individual capacity as a personal guarantor of the Note and Settlement Agreement obligations.  (Complaint ¶ 33)

17. Hildebrandt and the Defendant Company agreed to timely remit all installments due under the Note, as well as regular reports and contributions due and owing for the months of January 2007 and subsequent months or be in default of the Note and Settlement Agreement.  (Complaint ¶ 34)

18. The Defendant Company and Hildebrandt made the initial payment of $4,000.00 and six subsequent installments. (Complaint ¶ 37); however, despite demand being duly made, Defendant Company and Hildebrandt have not paid any of the subsequent installments due under the Note.

19. By failing to remit all installments due under the Note and remaining current  in its monthly obligations, the Defendant Company and Hildebrandt have breached the terms of the Settlement Agreement and defaulted on the Note.

20. As a result of their respective breaches, the Defendant Company and Hildebrandt are jointly the Note balance of $45,828.57, which reflects the total principal due of $96,378.19 as a result of the breach as referenced in Paragraph 15 herein, plus interest on the Note's accelerated balance at a rate of 9% per month compounded totaling $3,298.57, less payments made of

$53,848.19.

21.     The principal amount due under the Note includes attorneys' fees and costs in the amount of $5,219.76, which includes fees and costs the Plaintiffs incurred as of the date of the Note's execution as result of their attempts to collect the amounts as reflected in the Note, but does not include additional attorneys' fees incurred after the Note's execution. (Complaint ¶ 42).

22.     Pursuant to the terms of the Note and Settlement Agreement, the Defendant Company and Hildebrandt are jointly liable for those attorneys' fees and costs, as well as any additional attorneys' fees and costs incurred by the Funds related to this action.

23.     The Funds have incurred additional attorneys' fees and costs and the Defendant Company and Hildebrandt are liable for all attorneys' fees and costs, as well as unpaid contributions for the months of June 2007 through September 2007.

24.     Additionally, under the Funds' Trust Agreements, an Employer's delinquency incurs liability for such attorneys' fees and collection costs associated with collecting delinquencies, and ERISA requires awarding such fees and costs. 29 U.S.C. §1132(g)(2)(D).

25.     Defendant Hildebrandt is also personally liable for such fees and costs pursuant to the Attorneys' Fees in Wage Actions Act, 705 ILCS 225/1.

26.     Based on the amount of work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, Plaintiffs have incurred or will incur attorneys' fees and costs in the amount of $10,118.26. This amount is in addition to the amounts included as a part of the Note. See Exhibit "D," Affidavit of Michele M. Reynolds.

27.     Accordingly, Plaintiffs are entitled to recover the total amount of $108,937.74 for all delinquent amounts owed through September 2007 and reasonable fees and costs, which is based on the following:

| | |
|---|---|
| Contributions/Dues (06/07-09/07) | $ 40,881.84 |
| Liquidated Damages @20% | $ 8,176.37 |
| Dues (06/07-09/07) | $ 3,524.08 |
| Liquidated Damages @ 10% | $ 352.41 |
| Accumulated Liquidated Damages-Dues (05/07) | $ 56.21 |
| Installment Note | $ 96,378.19 |
| Note Interest | $ 3,298.57 |
| Attorneys' Fees & Costs | $ 10,118.26 |
| **Total** | **$162,785.93** |
| Payments on Note | ($53,848.19) |
| **Balance Due** | **$108,937.74** |

**Judgment Amount: $108,937.74**

28.     Of the amounts set forth in the preceding paragraph, Defendant Hildebrandt is personally liable for $100,352.75, which is based on the following:

| | |
|---|---|
| Contributions/Dues (06/07-09/07) | $ 40,881.84 |
| Dues (06/07-09/07) | $ 3,524.08 |
| Installment Note | $ 96,378.19 |
| Note Interest | $ 3,298.57 |
| Attorneys' Fees & Costs | $ 10,118.26 |
| **Total** | **$154,200.94** |
| Payments on Note | ($53,848.19) |
| **Balance Due** | **$100,352.75** |

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court to enter a final judgment by default against Defendant HILDEBRANDT PAVING, LTD., and CRAIG HILDEBRANDT, individually, in the form provided in the attached Order, in the total amount of $108,937.74 of which Defendant CRAIG HILDEBRANT, individually, is jointly and severally liable for $100,352.75.

Respectfully submitted,

/s/Michele M. Reynolds  
Michele M. Reynolds  
One of Plaintiffs' Attorneys

J. Peter Dowd  
Michele M. Reynolds  
LaKisha M. Kinsey-Sallis  
Steven W. Jados  
DOWD, BLOCH & BENNETT  
8 S. Michigan Avenue--19th Floor  
Chicago, IL 60603  
312-372-1361